# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HERITAGE HOME GROUP, LLC, et al., | Case No. 18-11736 (BLS) |
| Remaining Debtors. | (Jointly Administered) |
| ------------------------------------------------------- | |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of HERITAGE HOME GROUP, LLC et al., | |
| Plaintiff, | Adv. Proceeding No. 20-50690-BLS |
| v. | |
| PCB APPS L.L.C., | |
| Defendant. | |

## PCB APPS, LLC 'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant PCB Apps LLC (the "Defendant"), by and through undersigned counsel, submits this Answer and Affirmative Defenses to the *Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 & 550* of Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of Heritage Home Group, LLC et al. (the "Plaintiff"), and states and alleges as follows:

## THE PARTIES

1. The Defendant is informed and believes that the status of the case is as reflected in the Court records, but, except as so admitted, deny each and every allegation of Paragraph 1 of the Complaint.

2.      The Defendant is informed and believes that the status of the case is as reflected in the Court records, but, except as so admitted, deny each and every allegation of Paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the complaint, the Defendant admits.

## JURISDICTION AND VENUE

4.      In response to Paragraph 4 of the Complaint, the Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

5.      In response to Paragraph 5 of the Complaint, the Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

6.      In response to Paragraph 6 of the Complaint, the Defendant reserves its right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

7.      The Defendant admits Paragraph 7 of the Complaint.

## BASIS FOR RELIEF REQUESTED

8.      Paragraph 8 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## FACTS

9.      The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 of the Complaint. To the extent a response is required, the Defendant denies the factual basis and allegations contained in this paragraph.

10. The Defendant admits only that a document purporting to be the transfers is attached as Exhibit A to the Complaint. Except as so admitted, the Defendant denies Paragraph 10 of the Complaint.

11. The Defendant admits only that a document purporting to be the transfers is attached as Exhibit A to the Complaint. Except as so admitted, the Defendant denies Paragraph 11 of the Complaint.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 12 of the Complaint. Further, Paragraph 12 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, the Defendant denies the factual basis and allegations contained in this paragraph.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

13. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 12 above.

14. The Defendant admits only that a document purporting to be the transfers is attached as Exhibit A to the Complaint. Except as so admitted, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 14 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 14.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 15 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 15.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 16 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 16.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 17 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 17.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 18 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 18.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 19.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 20 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 20.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 21 of the Complaint. To the extent a response is required, the Defendant denies Paragraph 21.

22. Paragraph 22 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies Paragraph 22.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property -- 11 U.S.C. § 550)

23. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 22 above.

24. Paragraph 24 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies Paragraph 24.

25. Paragraph 25 of the Complaint contains statements and legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies Paragraph 25.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

26. Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

27. Pursuant to 11 U.S.C. 547(c)(2), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that the Transfers were in payment of a debt or debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant, and such Transfers were either: (A) made in the ordinary course of business or financial affairs of the Debtors and the Defendant, or (B) made according to ordinary business terms.

## SECOND AFFIRMATIVE DEFENSE

28. Pursuant to 11 U.S.C. 547(c)(1), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that the Transfers were: (A) intended by the Debtors and the Defendant to or for whose benefit such Transfer was made to be a contemporaneous exchange for new value given to the Debtors; and (B) in fact a substantially contemporaneous exchange.

## THIRD AFFIRMATIVE DEFENSE

29. Pursuant to 11 U.S.C. 547(c)(4), the Plaintiff is barred from recovering the alleged 90 Day Transfers to the extent that, after such Transfers, the Defendant gave new value to or for the benefit of the Debtors that was: (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

30. The Defendant denies these allegations to the extent that the Defendant has a conduit or earmarking defense.

## FIFTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

32. The Plaintiff's claims are barred, in whole or in part, pursuant to 11 U.S.C. § 550(b) by reason that the Defendant, to the extent it took any transfer(s), took the alleged Transfers from the Debtors for value, in good faith and without knowledge of the voidability of the alleged Transfers.

**SEVENTH AFFIRMATIVE DEFENSE**

33. The Plaintiff's Complaint contains claims which, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) reh'g denied, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011), are claims which implicate only private rights. Consequently, the Bankruptcy Court has no authority to issue final judgments over those private rights claims without the consent of the Defendant.

34. The Defendant reserves the right to a jury trial before the District Court, does not consent to a jury trial before the Bankruptcy Court and does not consent to the entry of final orders by the Bankruptcy Court.

**EIGHTH AFFIRMATIVE DEFENSE**

35. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

**TO THE EXTENT ALLOWED BY LAW JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.**

Dated: August 6, 2020.

          **Respectfully submitted,**

          **THE LAW OFFICE OF JAMES TOBIA, LLC**
By: */s/ James Tobia*
James Tobia (#3798)
1716 Wawaset Street
Wilmington, DE 19806
Tel. (302) 655-5303
Fax (302) 656-8053
Email: jtobia@tobialaw.com

    -and-

**JONES & ASSOCIATES**
Roland Gary Jones, Esq.
1325 Avenue of the Americas, 28th Floor New York, New York 10019
Tel: (347) 862-9254
Fax: (212) 202-4416
Email: rgj@rolandjones.com

*Application Pro Hac Vice to be filed*

*Counsels for the Defendant*